The first argued case this morning is No. 2012-1286 SHIMANO v. REA. Mr. Durant. Thank you, Your Honor. May it please the Court, I just want to mention very briefly that I, since I'll be responding to two parties, I split my time eight minutes and seven minutes. Now I'd like to begin by discussing a very important issue that I think is critical to an understanding of this case. I briefed it fully, but I think it is very wise for me to bring it up right off the bat to avoid the risk of serious misunderstanding. The problem is in the juxtaposition of Nagano's figures 2 and 20 at page 11 of the Director's Brief, and the treatment of Nagano's two mutually exclusive embodiments as being one and the same. As we repeated throughout the reexamination proceeding, it is Nagano's second embodiment shown in figure 20 that was relevant to the validity of the claims of the U. Patent. Figure 2 is from Nagano's mutually exclusive first embodiment. Figure 2 is not a perspective view of figure 20, and that is very misleading. Figure 2 is a perspective view of the cylindrical portion 80A from Nagano's first embodiment shown in figure 8 that's also at the top of page 13 of our brief. Now, in Nagano's second embodiment, this structure shown in figure 2, that's gone. You're getting down into the weeds a little bit. I'm going to back you up a moment, okay? Sure thing. Because I found your brief somewhat confusing, but let me see if I can understand what's going on here. If I understand correctly, you're basically making two arguments. You're saying Nagano anticipates under the correct claim construction, and that the board's claim construction is incorrect. Yes, that's correct. The second argument, if I understand correctly, is that the claims here are obvious over Nagano and other references, and that the board erred in rejecting the examiner's obviousness rejection because it said that the prior art didn't show a ring but only showed a sleeve. And basically those are the two arguments that you're making here, right? The arguments was basically that they believe that... well, our basic argument was that Nagano chose... they got sidetracked in this argument about sleeves and rings. I mean, that's the question, whether they made a mistake, because in terms of the obviousness determination, that was what the board said. That is all the board said. It's anticipation. The sleeve is different from a ring, the prior art doesn't show a ring, right? No, it's anticipation arguments, Your Honor. No, the obviousness arguments. Oh, the obviousness arguments? There was only just a couple of obviousness arguments in the case. I'm trying to help understand this. Yes. My understanding is that the board overturned the examiner's obviousness determination on solely one ground, and that is with respect to the majority of the claims. And that is solely because a sleeve is not a ring and that the prior art didn't show a ring, right? That was the basis of their entire overturning of everything. Of the obviousness argument. And the anticipation... Well, to some extent. So, let me understand. If I read Nagano correctly, it refers to ADI and ADJ as sleeves rather than rings. And you're saying that the board was relying on that use of language in the Nagano patent to find that there weren't any rings in the prior art. But in fact, if you look at figure 20 of Nagano, you see the ADI and ADJ, and they are in fact rings rather than sleeves. Yes. That's your argument. Yes. That's correct. Go ahead. Anything further? I just wanted to see if I was on the same page. Yes, that is correct. We're saying that regardless, it's a semantic difference with all the substance. These, they're rings. And you can call them sleeves, but they fit even the director's definition of a ring. So, you know, may it help the court, given the apparent difficulty in understanding the subject matter, I was wondering if I could perhaps just take two minutes of time to discuss the basic structures that are common to all of these hubs. Yu, Nagano, and Huang. There's just five, just two minutes, just five basic structures, which I think explains how these things all work. Here we go. First, you have the hub shaft, which is also known as the hub axle. Then you have a circular sun gear that surrounds the hub axle and rotates around the hub axle. Teeth are formed on the inner peripheral surface of the sun gear. That's two. Three is a set of pawls mounted to the hub shaft, one on the top, one on the bottom. Here's a pawl. There's one on the top, one on the bottom. Now, the free end, and the pawls are mounted so that the pawls can flip up and down. Now, the free end of the pawl is split into two functional portions. There's what the Yu patent calls the sag portion, and then there's the starker portion. Now, I think the Huang reference does the best job of showing what these things look like in real life. So here's figure five of Huang, which was in our brief. This is the portion that's mounted to the hub shaft. Here is the sag portion of the pawl, and here is the starker portion of the pawl. When the pawl is in its upper position, the starker portion of the pawl jams against the teeth of the sun gear to prevent the sun gear from rotating. On the other hand, when the pawl is in its lower position, the sun gear is free to rotate. Now, when the sun gear is free to rotate and the pawl is in this position, you notice that the pawl does not contact the rotating sun gear, and that eliminates the problem of friction, noise, and abrasion, which you see referenced in the various briefs. Now, fourth component is the spring constantly urges the pawl to its upward locking position. Finally, we have the pawl controlling ring, which is a ring that is rotated by the cyclist whenever the bicyclist wants to change gears, typically by rotating a lever that's mounted to the handlebars. So the pawl controlling ring only rotates when the cyclist wants it to. Now, the pawl controlling ring encircles the hub shaft and covers the sag portion of the pawl. And the pawl controlling ring is configured such that as the cyclist is rotating the pawl controlling ring, it causes the pawl to go to its upper and down positions. Now, getting back to Nagano, I'd like to show that here you can see the hub shaft, you can see the pawls, and then you see the pawl controlling rings. Now, the sag portions of the pawls, they're covered, remember I just said they're covered by the pawl controlling ring, so you don't see them in this picture, all you see is the stopper portion of the pawls. Now, grooves are formed on the inner peripheral surface of the pawl controlling rings, so that, just like in the U-pad, grooves are formed on the inner peripheral surface of the pawl controlling rings, so that when the cyclist rotates the pawl controlling ring so that the groove lines up with the sag portion of the pawl, the pawl pops up so that it can lock the hub shaft. Otherwise, the pawl controlling ring pushes the pawl down, allowing the pawl controlling ring to rotate. Now, I see I'm into my rebuttal time, so... Is there anything else you need to tell us? We will enlarge your time a little bit. Just a question on Nagano. Now, you, in your exchange with Judge Dyke, referred to the sleeve aspect of the Nagano, sleeve slash ring aspect of Nagano priority. Assuming that the board's claim construction of the at least two sets of pawls is correct, you also have to get over that problem, I take it, with Nagano. So, getting over the sleeve problem does not render Nagano invalidating prior art, correct? Well, we also have to look at the problems of claim construction, which is an issue of law. But I'm assuming, assume with me for a moment, that the board is correct in its claim construction with respect to the issue that you contest, I recognize. Nonetheless, that two sets of pawls means that a controlling ring controls at least two sets of pawls. Then, Nagano does not show that, and Nagano is not invalidating prior art with respect to the anticipation argument, correct? Well, if they require a sleeve to control two sets of pawls, and if what they're saying is that Nagano doesn't show rings... You would agree that Nagano does not show a ring or sleeve that controls, a single ring or sleeve that controls two or more sets of pawls, correct? That's where we get into the composite pawl controlling ring argument that they've talked about in our brief, because basically that's the subject, and it's on the record that we were sued based on a pawl control structure that is two rings connected together by a single connecting bond. If those are two rings, then neither one of them controls more than one set of pawls, correct? That's correct, but the two of them... Okay, that's my question. Just to clarify that, there can be no anticipation if you lose on that claim construction argument? If it is true that it has to be at least two sets of pawls for two sun gears, and if we can't go into the composite pawl controlling ring argument, then it is true that I don't really... I'm just trying to limit you to anticipation. If you lose on the claim construction argument, you necessarily lose on anticipation. Put aside obviousness for the moment, right? That's correct. As long as the board requires that a single ring controls two sets of pawls with two sun gears... You lose on anticipation. And we can't consider two rings to get connected together by a connecting bond to be a pawl controlling ring, then we would lose on that. Right, but as to obviousness, my understanding is that the claim construction is not something that was addressed by the board in connection with obviousness. That the sole ground for reversing the obviousness objection was the absence of a ring being shown in the prior art as opposed to a sleeve. That appears to be the case, I believe. Yeah. So with that, I will... We'll see what the other side has to say. All right, let's see. Do you agree that Mr. Weidaven would go first? Good morning, and may it please the court. The board got it right when it construed claim one to require a single... Let's start with the last point, which is about the obviousness rejection. The board's obviousness reversal was based solely on the absence of a ring as opposed to a sleeve in the prior art, correct? That's correct. Okay, so I know that ADI and ADJ in Nagano are referenced in the specification as, quote, sleeves, but in fact they are really rings, are they not? That's correct. Okay, so it seems to me that's a problem because the board then proceeded on the basis of a mistake. Don't we have to send it back to them to reevaluate the obviousness argument in the light of that concession that you just made? I don't think that's correct, Judge Dyke, because the board specifically looked at the whole Paul controlling ring limitation. Namely, it's a Paul controlling ring that controls the position of at least two sets of Pauls. And what the board looked at was Nagano's sleeves, which have a ring-like structure, neither one of which controls two sets of Pauls. I understand that, and for the moment let's assume that you're correct about the claim construction, okay? I don't see that the claim construction is the basis for the rejection of the obviousness rejection. I don't see that in the board's opinion. All I see is the obviousness rejection is wrong because the prior art doesn't show rings but only sleeves. I would say that the board was really relying on, and I know, I guess we're not communicating, but it's that whole aspect of what does the ring do and what is the full limitation of the ring that is not suggested by the board. But they don't rely on that. I think it's page 38 of the appendix. I don't see that the board, in connection with the obviousness determination, is relying on – it's not 38, it must be – I don't see that the board is relying on its – It's on page 29. 34, I think, is the obviousness rejection. This is the part dealing with the obviousness rejection. It starts on page 31, as I think you said. Did you say 39? No, 31. The discussion of the obviousness thing starts on page 31, but I think when they get to page 34, they're saying, well, the problem is there's no ring in the prior art. And they treat here only two of the references. They don't discuss Nagano, but earlier they discussed Nagano and said Nagano has a sleeve and not a ring. Right. So, it seems to me that the basis for reversing the obviousness rejection is not the claim construction as to the two sets of poles. It's the absence of a ring as opposed to a sleeve in the prior art. And I think the reason the board's decision seems limited in that sense is because my recollection is the examiner never made that finding. There was never a rejection that the rings are somehow obvious in view of the sleeves. The examiner was holding throughout the prosecution that the sleeves of the prior art in Nagano, as well as in the Huang reference, correspond directly to a ring that is called for in the claim. The examiner said, you know, a ring is simply a circular hollow body. And what I see in the prior art is what you're claiming, it's a circular hollow body. Yeah, I understand that, and I'm willing to accept that you're right, that that part of the examiner's rejection was wrong. But my recollection is that the examiner also said that ADI and ADJ were rings. And so the board, in this earlier discussion of the anticipation analysis, said Nagano doesn't have rings, it only has sleeves. Well, it's true that they used the word sleeves in Nagano, but you yourself a few minutes ago agreed that ADI and ADJ are rings and not rings. Yes, but again, I guess I would say that while the board is remaining true to the language that Nagano uses to describe elements ADI and ADJ and referring to them as sleeves, I think that the substance of their analysis goes back to whether either one of them controls two or more rings, or excuse me, two or more sets of palms. That's true in connection with the anticipation analysis, and I'm assuming for the moment that you're right about that. So there's no anticipation because of the claim construction, but that claim construction is not the basis for the obviousness rejection. We just don't know at this point, it might be that it would be obvious to use the rings to control two sets of palms. Well, I don't know, because the board didn't address that question, it only addressed it in connection with the anticipation issue. And on page 30, with respect to Nagano, they say Nagano shows sleeves in ADI and ADJ, but we've agreed that ADI and ADJ are rings and not sleeves. And again, I guess the board was limited by the briefing and the underlying proceedings in which there really wasn't an obviousness rejection based on Nagano's sleeves or rings, ADI, ADJ. Did the examiner not enter an obviousness rejection based on Nagano's sleeve? Is that what you're saying? To the best of my recollection, Judge Bryson, that's correct. I don't think that's right. I think this obviousness rejection that the board is discussing at 834 was based on Mitsuo Wong and Nagano. Am I incorrect about that? With respect to the rejection based on Mitsuo and Wong, 34 is Mitsuo and Wong, I guess. At the top, yes, but then at the bottom of that page there's a rejection under 103A over Mitsuo in view of Nagano and Rola. And I think what they were relying on for Mitsuo was the teaching of the clutch mechanism and relying on Wong and Nagano for the teachings of pawls mounted to the hub shaft. And so this has nothing, you say this section here starting at the bottom of A34 has nothing to do with the sleeve slash ring distinction? I guess I would characterize it, they are still saying that in terms of going through the elements of the claim of Claim 1, the ring of Claim 1 is taught by Nagano's sleeve 80 or ADI or ADJ or Wong's tube 72. What they were looking at I believe in the obviousness rejection were some of the other elements and whether other prior art was necessary to bring in those other elements. I don't believe that they were at that point making an analysis or even making the assertion that there is something other than a ring in the prior art but something that makes the ring obvious. I think at that point they're still saying that there's a one-to-one correspondence between a ring which was broadly construed as a circular hollow body and the sleeves, rings, tubes, etc. that are taught in the prior art. You're right about that and I'm assuming that you're correct about that, that what is really a sleeve is not a ring and that's probably true with respect to Matsuo and Wong but it's not true with respect to Nagano which is one of the references that was relied on. So they have this discussion, they're saying there's no ring in the prior art but they ignore the fact that Nagano does show a ring and earlier they're mistaken I think on the surrogate in saying that Nagano does not show a ring. They characterize ADI and ADJ as a sleeve. Yeah, there was some discussion and there was some confusion about Shimano's position with respect to the first embodiment of Nagano and the second embodiment of Nagano which Mr. DeLand is trying to clarify but what the board is initially talking about is that first embodiment which has a control sleeve, a tube 80 that extends throughout the entire transmission of the bicycle. Then they go on to say we are also unpersuaded by the examiner's reliance on Nagano's sleeves, ADI, ADJ. In other words, they start off on 829 when they say that Nagano doesn't teach a sleeve, excuse me a ring. I think what they're talking about is the sleeve of the first embodiment of Nagano. Moreover, they continue on 830 that we're also not persuaded that these so-called sleeves correspond to the particular claim element because the claim element does require that you control the position of at least two sets of cloths. So what you're saying I take it is that to the extent that Nagano reads on rings and even though it may call ADI and ADJ sleeves their rings, to the extent that they are rings that's only true with respect to the second embodiment of Nagano figure 20 and that figure 20 does not show each ring controls at least two sets of cloths. That's your position, right? That's correct. Do you read the board as having said exactly that in so many words? I do. Maybe not quite that directly? That's how I read their analysis, yes. Okay, are you ready to yield to Mr. Pinkham? I'm well beyond my time, so yes. Well, these are sufficiently complex issues and let's hear the director's position. Thank you, your honors, and may it please the court. Shimano, from the beginning of this re-exam. Let's just back up a moment. Do you agree with your co-counsel that ADI and ADJ show rings? They say sleeves. I know it's called sleeves, but it shows rings, right? Yes, your honor, it can act like a ring, but it's got length to it, so I don't see how it's a ring versus a sleeve. Well, that's a question I had. How does ADI and ADJ, and now we're looking at figure 20 on the gun. Yes, your honor. How do they have length other than having a connecting bar? Do they have more than a connecting bar? Because the diagram, you can't really tell. I think they go into and out of the page, your honor, and the written description says sleeves, and MBI's patent says sleeves are things that act very differently than rings. MBI's figure six has a ring where all the pawls emanate from the same vertical plane. It's very different than what we see in the prior art. These sleeves with pawls positioned along the x-axis radially going out, and we have here something very different in MBI's patent with the ring having short pawls and long pawls all emanating from the same single plane along the shaft, so that's very different. And what Shimano has been arguing throughout the re-exam proceeding and to this court, if you look at its blue brief, Shimano has put all its quote-unquote eggs in one basket, essentially collapsing obviousness to anticipation that rings are sleeves. I don't think that's true. I think they make separate arguments with respect to anticipation and obviousness. But do you agree that the board's reversal of the obviousness rejection that's on page 34 is based on the fact that they don't find rings in the prior art, only sleeves? Yes, your honor, and they're answering what Shimano argued to the board and during prosecution. Shimano and the examiner were aligned and said rings are sleeves, rings are sleeves. This is our argument. You guys should buy it. That was one of the arguments, but hold on one second. Yes, your honor. So suppose the board is wrong that the prior art doesn't show rings. Don't we have to send it back for them to reconsider the obviousness rejection on that hypothetical? No, your honor, because the two devices interact with the pawls very differently. In Nagano, we have the two sleeves going in and out of the page. Each, as Judge Bryson pointed out, I think during both appellant questions You're not going with my hypothetical. My hypothetical is that the board is wrong that the prior art, at least in Nagano, shows rings in EDI and EJ. If the board is wrong about that, don't we have to send it back to the board to reconsider the reversal of the obviousness rejection in the light of the correction of that error? No, your honor, because even if there are two rings in Nagano figure 20 with pawls attached, it is nothing like MBI's patented claims, with the claims that are directed to a single plain ring with the pawls. That's not in Nagano, with the pawls emanating from a single plain, so it's drastically different. I'm having trouble with this because I don't see that the board said that. I thought that the board had a very simple ground for reversing the obviousness rejection, and that is no rings in the prior art. Which is what Shimano argued to the board, and during the prosecution, and in its blue brief, and did not do a KSR analysis. Am I wrong in the reading of the board opinion that they say we're going to reverse this obviousness rejection because there are no rings in the prior art, only sleeves? No, you're absolutely right on that, your honor. If I'm right about that, and the board is wrong about the prior art, and that Nagano does show rings as opposed to sleeves, don't we have to send it back? I think not, your honor, and here's why. Because it's not a pawl-controlling ring with the two sets of pawls. Well, that may be true, but they didn't say that. Well, they did say, your honor, that the limitation was not met. Based on Shimano's arguments, it collapsed. Yeah, but they didn't say that it wouldn't be obvious to have a ring controlling two sets of pawls. When they got to the obviousness rejection, they didn't say that. Because Shimano didn't argue it that way to the board or to this court, which Shimano has been relying on to claim construction. Can I take you back to the point you were making earlier where I was a little confused? You were saying, I think, that we can look at ADI and ADJ as being part of what we'll call conventionally a sleeve. A Huang and Matsuo type sleeve as opposed to a ring with a connecting bar. That's correct, your honor. What leads us to reach that conclusion? What leads you to reach that conclusion other than the use of the word sleeve, which is just conclusory? Thank you, your honor. Respectfully inviting the court's attention to page 50 of the appendix. That's MBI's great depiction of what a pawl controlling ring is. A50 is MBI's figure six. You see there we have ring 430 with all the pawls. There are four pawls going around the clock on that ring. They all emanate from the same single plane. That is drastically different than what's in the prior. The board responded to the argument. I'm asking a slightly different question. I'm really asking a question about Nagano. Specifically what I'm interested in learning is whether ADJ and ADI in figure 20 of Nagano are connected in a way that one would characterize those two as part of an overall sleeve or as simply two rings that are connected by a connecting bar. I think the latter, your honor. It's the latter. It's two rings? That's what I think, your honor. Oh, I thought you had said the contrary. I thought you had said earlier that they are really part of a sleeve. Well, a sleeve, and as MBI said, it could be interpreted as a ring, two rings not controlling two sets of pawls. Leave aside for a moment the two sets of pawls issue. What I'm trying to get here is whether someone looking at Nagano with everything we have available to us in this record would conclude that ADJ and ADI are rings or would conclude that they are part of a single sleeve. It's plural, your honor. Plural in the sense that they are two rings. Two sleeves or two rings. Yes, your honor. In the specification, it refers to plural sleeves throughout where it's talking about ADI and ADJ. It's talking about two sleeves. But if they are rings, because if you look at ADJ and ADI here, it does look like they're thin. Yes, your honor. Right. So if they are rings, then that brings us back to Judge Dyke's question as to why it isn't fair to say Nagano does show rings. Now, I understand that you were making two arguments subsequent to that, one of which was that, well, that really wasn't the way the case was argued to the board. Correct, your honor. Or to the examiner or to us. The second argument you make is that, well, in any event, these rings, even if they are rings, do not each or either one of them control two or more sets of pawls. Precisely, your honor. Your honor, I respectfully disagree because on page A30, the board was addressing the full limitation, pawl-controlling ring, and says that it has not been shown, based on what Shimano has been arguing, that the sleeves or rings control two sets of pawls. That's the anticipation rejection, isn't it? Your honor. I mean, it is. I mean, we have to take them at their word. They say it doesn't anticipate because of the claim construction. Fine. Let's assume they're right. There's no anticipation. And obviousness was not independently argued through TSR or any of those means that I saw in the prosecution history. Sure it was. I mean, they addressed the obviousness rejection. There was an obviousness rejection over these three references combined. They addressed... I agree, your honor. I agree. They addressed the rejection in light of the positions taken by the parties and by Shimano specifically. A ring is a sleeve and that meets this claim limitation. And that's what the board was deciding and discussing on A30 where it said there are not two sets of pawls, at least four pawls total, being controlled or an obviousness distinction between those two. The board had it right. The board came out to the right conclusion based on Shimano's arguments and Shimano's repeated those narrow arguments. How can we read into the obviousness discussion what they said only in connection with the anticipation discussion? Oh, your honor, I have a great answer for that, I think. We say the board said, right lower on that page, A30, we cannot uphold any of the rejections, including the obviousness rejection. Again, the reason... Wait, wait. The heading. The heading of this section is referring to the anticipation rejections, correct? No, your honor, because, let's see, on page A25, it is referring to rejections 1 to 3, 12, 13, and 16. For example, 2 and... Okay, so now I'm... Sorry, your honor. I have to jump to A36 where the board is summarizing in this long prosecution that 2 and 3, which I just read as the heading, are obviousness rejections that the board said it's not upholding based on its reasoning on A30 that we cannot uphold any rejections. And also the board got to 13 and 16. Now that's a different claim. It's reversed. They did do obviousness in view of Nagano. But at least 2 and 3, those grounds in an obviousness context based on only what Shimano was arguing. And Shimano put, quote unquote, all its eggs in one basket. On the sleeve is not a ring. And the board addressed what Shimano was presenting to it as supporting the examiner's rejection. And the board... But at the end of the day, these things are drastically different because you have at least 2 sets of rings that negates Nagano just having 2 sets of paws. I mean, that negates Nagano having 2 paws and 2 sleeves of rings. And you have them all emanating from the same... They don't mention items 14, for example, as these claims being unpatentable over Matsuo and by the flan in Nagano. That's not part of this section. I respectfully understand, Your Honor. 2 and 3 are. Roman numerals 2 and 3. And those are obviousness rejections, including Nagano as the primary reference. And this heading says 1 through 3. So we have 2 and 3 for sure as obviousness based on what Shimano has been presenting throughout this whole prosecution. For example, starting with its request for re-exam, it was about sleeves or rings, sleeves or rings. And the examiner latched onto that. Just one other question. If you look at page 40 of the yellow brief, isn't that making exactly the argument that we've been talking about? A reply? Yes, Your Honor. Just as an example, they're saying that calling EDI and EDJ sleeves rather than rings is just semantics and that they really are rings and so on. Your Honor, yes, but they don't meet the rest of the claim about at least two Paul sets, which no one has presented or that I could find. So we're assuming that for purposes of anticipation. The question is whether the board relied on that in connection with the reversal of the obviousness rejection, which is what they do starting on page 31 and then in particular on page 34. And to the extent they did and were wrong on that, it's harmless error, Your Honor, because what was argued did not have a full-blown KSR obviousness type of analysis. It was all in one basket, sleeves or rings, and that's how Shimano chose to prosecute the re-exam proceeding for this patent, which has a lot of claims standing. Thank you, Your Honor. Just one further question, if I could, just to make sure I understand where the various rejections all fall into place. Rejections that are on page 836 labeled Roman numeral 4 and 5 are rejections that include the various claims that are in dispute here, and those are Matsui in view of Huang and Nagano, and Huang in view of Nagano, right? Yes, Your Honor. And that's obviousness. So that's where Nagano comes into the obviousness rejection. Yes, Your Honor, and Roman numerals 2 and 3 above, as Judge Dyke pointed out in the heading about Nagano as the principal reference, there were also obviousness rejections going on there. So obviousness was fairly... Some of the claims, but 14 is claimed 16 to 20 and 22 to 25, and that heading does not appear in connection with the discussion that you were referring to earlier. Yes, and I don't think I said 14. I was reading, reciting the heading that says 1 to 3, 12, 13, and 16 just to then reference which of those were obviousness grounds based on the claim construction argument that Shimano presented. If you look at this case, it's very wide-reaching, and a lot of it collapses. The board did a great job with the claim construction analysis that spanned about 10 pages of its opinion. So a lot of this case, even though it's wide-reaching, collapses to, as we saw, all that's been raised are three issues, and we haven't even talked about two of them. We just talked about claim construction. It all collapsed, and that's how Shimano prosecuted the re-examination. One more question. Yes, Your Honor. Can I shift gears to the cross-appeal? Yes. You've addressed it in your brief. This is the issue of the validity of Claim 7. Yes, Your Honor. Okay, I get it. Getting the claim straight. Now, you say you support the conclusion that Claim 7 is invalid? Correct, Your Honor. It's not supported by the inventor's narrow disclosure. Suppose that instead of amending Claim 7 the way it was amended, there had been an amendment that included two new claims, one of which was a poll with the SAG portion larger than the extended portion, I think is the way that term is used. Yes, Your Honor. That would clearly be supported. Right. If I understand, Your Honor, the specification, it's like a dumbbell. You have the middle portion. I understand, but in other words, if the claim were just limited to talking about the relationship between the SAG portion and the extended portion, the extended portion doesn't come up as far as the SAG portion. That would be clearly supported. If I understand, Your Honor, without a stopper portion being mentioned? There's no reference to the stopper portion at all. It might be a new invention. I don't know from the written description, but I'll agree with you on that. Okay, and then also a second claim could be a poll with a stopper portion that's higher than the extended portion, right? And that would be supported because it's in all of the spec. Correct? I mean, if the first claim is valid, surely the second is. Well, I'm with you. I have pause because the claim at issue has all three elements there with the changes you talked about. I know, but if you put those two claims together, you end up with the claim we got. No, Your Honor. That's my problem. Well, I'd love to speak to that. Please do. The specification is narrow because I think we all know where the passage is. In column 4, above line 50 and below line 50, the inventor there was facing a very particular problem to prevent unwanted engagement. I understand. I understand the background and so forth. But what I'm really interested in understanding is why you think the two claims that I drafted are different in substance from the claim that the patentees drafted. Because, Your Honor, it's not fair to the disclosed invention. The disclosed invention has to have a stopper, an extender, and a sag. Or else you don't have the PAW controlling ring controlling two sets of PAWs all emanating from the ring. This is a really neat invention. It's about the PAWs being different sizes, all starting from the same plane, controlling Sungear 231, which is closer to the ring, and Sungear 232, which is farther, relatively far from the ring. So I now submit, Your Honor, that that would not be the invention to leave out. And this inventor did not possess a PAW set of the longer PAWs not having a stopper portion or not having a sag portion. You're not excluding a stopper portion. You're just not including it in the claim. I mean, a claim can have less than all of the features of the device, right? I mean, that's surely. But, Your Honor, when there's a functional relationship that is narrowly described here as to the specific problem this inventor was addressing to prevent unwanted engagement, you then can't broaden and forget about half of the invention, this part. Then there's no support for that. So in understanding what Your Honor has been talking about, I think there would be a question about those broader claims because they omit key features that this part of the passage, which talks about, again, it's like a dumbbell where you have a thin middle and two parts. And the invention is about describing the two ends of the PAWs, how they interact with the ring. So we respectfully submit that this question of fact has substantial evidence in the inventor's specification, given what he was addressing. And the board had a plausible finding based on the evidence in the specification. Thank you, Your Honor. Thank you, Mr. McDonough. Thank you, Your Honor. All right. Mr. Delgado, we'll start with 10 minutes and see where we are. Okay. Your Honor, one of the things that's plagued this case is that MBI keeps urging an interpretation of the claims, arguing distinctions that just aren't in the claims. They're always pointing to this figure in the UPAT, always pointing to this. If the claims were limited to what's shown in Figure 6, we wouldn't be here today. And so what I'm really concerned about is the issue of anticipation because to us, this whole case really comes down to claim interpretation. There's the two aspects of the PAWs, the at least two sets of PAWs. Does the reference to the PAWs, does that inherently require a single PAW controlling ring controls two sets of PAWs? Because we say that the use of the word a means one or more. So when they say a PAW controlling ring, that means one PAW controlling ring can control two sets of PAWs. Or two PAW controlling rings can control two sets of PAWs. And so I think that the anticipation argument to us should be with proper claim construction should be a strong case. Well, suppose you lose on anticipation because we conclude that the claim construction but that the board adopted was correct. Now, did you make the argument that we have been discussing and that Judge Dyke has been discussing with you on the other side. Did you make the argument that Nagano renders the invention obvious because Nagano has rings as opposed to sleeves? Assuming that rings and sleeves are different. I noticed that Judge Dyke was referring to these obviousness rejection of Matsuo et al. We didn't really bring that up as part of the case because it just seemed like we wanted to focus on Nagano. With respect to Nagano, did you argue before the board that Nagano showed rings as opposed to sleeves and therefore that some of the claims were obvious in the light of that combination of Nagano with the prior art? Basically, what we were saying is, for example, with respect to Matsuo, we need to focus in tightly on the exact question that Judge Dyke asked, which is the question I was trying to ask as well. Nagano, did you argue that Nagano, with respect to the ring or sleeve issue, that Nagano shows rings and Nagano renders the inventions obvious? Yes, I think that can be fairly said that since Nagano discloses rings. It can be fairly said. Did you make that argument to the board in this case? I believe we did as part of our obviousness arguments as saying, well, maybe the other prior art references, whether it be Huang or whatever, what you do is you replace those things that you call sleeves and substitute them with rings. Did you say that Nagano shows those rings? Yes, I believe we did because we always referred to, well, take the rings ADI and ADJ or whatever rings, substitute those with these alleged sleeves of the prior art, which shows these elongated control mechanisms. Of course, remember, by referring to an overall elongated control mechanism as a sleeve, but then looking at the specific structure that controls the paws as a ring, that's comparing apples to oranges. If I understand what you're saying is that you did argue to the board, to the examiner and to the board, that Nagano, while they called it sleeves, it was really rings for purposes of the obviousness arguments. Yes, correct. Is there a place in the appendix that we could look to see exactly how that argument was articulated? I'm not sure we have the briefs that were submitted to the board. I think we have parts of them. Parts of them, but I don't think we have the whole thing. If you can't find it right away, you can write us with that information. That would be very helpful if we could focus on the question of exactly how this was raised. Let me ask you another question, if I could. Now, turning to the two sets of Paul's issue. Now, you focus our attention on figure eight of the U patent. Is it not the case in figure eight that the controlling ring 430 controls both the Paul 423 and the Paul 422, which in turn controls sun gear 232 and 233? That's correct. So that is a controlling ring that controls at least two sets of Pauls. Yes, that's correct. I thought your argument was that, well, one of the reasons that we conclude that we should not read the two sets of Paul's requirement as suggesting that it is necessary for at least one controlling ring to control two sets of Pauls was that that was contrary to figure eight. That's because figure eight shows the blue Paul controlling ring, which controls the sets of Paul's for only one sun gear. Actually, it's not colored in the patent. That's true, it's not colored in the patent, but we colored it in at page 35 of our brief to show that. So what are you saying then about, I mean, you're not suggesting that figure eight does not show a ring that controls at least two sets of Pauls, are you? No, figure eight shows both. They show the red in our brief at page 35 or page 37 of our brief shows the red ring does control two sets of Pauls for two sun gears, but the blue ring controls the sets of Pauls for only one sun gear. Yeah, but the patent only requires that you have one ring controlling two sets of Pauls. It doesn't require that every ring control two sets of Pauls. It requires a ring controlling two sets of Pauls. A Paul controlling ring for controlling the position of the Pauls. Right. And if we read the Pauls to mean at least two sets of Pauls, then figure eight is consistent with that reading of the claim, correct? It's consistent, but it's also consistent with the, well, if you do require the Pauls to be two sets of Pauls for one, you know, one ring controlling two sets of Pauls for two sun gears, figure eight is consistent with that. And we never argued to the contrary. It's just basically what we were arguing is that, hey, given, so if you assume that construction, there's still the issue of whether A means one or more. So if A means one or more, that means two Paul controlling rings control the Pauls for two sun gears. And that is what exactly what we're talking about in figure 37 of our brief, where we do show two rings, the blue ring and the red ring controlling the Pauls for two sun gears. So it really is a claim construction issue. The two things, whether the at least two, the Pauls requires the Pauls for two sun gears or whether the Pauls can mean the Pauls for just one sun gear, that's one issue. But then the second issue is whether A means one or more, in which case, even if you do say that the Pauls control the two sun gears, you can still have two rings controlling the Pauls for two sun gears. That to us is really a claim construction issue that I think is the key to this case. Okay. Any more questions? Anything else you need to tell us? No, I believe I'm probably finished with today. Okay. Thank you, Mr. Deland. Thank you very much. And Mr. Piccolo. Thank you very much. And Mr. Wyden. And the case is taken under submission.